UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DUC QUOC BUI,<br><br>   Petitioner,<br><br>   v.<br><br>ERIC HOLDER,<br><br>   Respondent. | Case No.: 1:15-cv-00636-JLT<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE GRANTED<br><br>ORDER DIRECTING THE CLERK OF COURT TO SERVE DOCUMENTS ON RESPONDENT |

  Petitioner is detained by the United States Department of Homeland Security and is proceeding with a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In the instant petition, Petitioner alleges that he has been in DHS custody since September 23, 2014 and that he has been subject to a final order of removal to Vietnam since October 1, 2014. (Doc. 1, p. 5). Petitioner alleges that he is a citizen of Vietnam and lawful resident of the United States who entered the United States in as a refugee on August 3, 1995. (Doc. 1, p. 24).

  Petitioner contends that his detention pursuant to 8 U.S.C. § 1231(a)(2) has exceeded the six-month presumptive period set forth in <u>Zadvydas v. Davis</u>, 533 U.S. 678, 701 (2001), that his continued detention is no longer reasonable, that Respondent has been unable to effect his removal to Vietnam, and therefore that his ongoing detention is indefinite, punitive, and violates his substantive and procedural due process rights under the Due Process Clause of the Fifth Amendment of the United States Constitution. (Doc. 1, p. 10). Petitioner also asserts that his detention under 8 U.S.C. §

1231(a)(6) exceeds Respondent's statutory authority.  (Id.).

Because Petitioner may be entitled to relief if the claimed violations are proved, Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted.  Rule 4, Rules Governing Section 2254 Cases; see Rule 1(b), Rule 11, Rules Governing Section 2254 Cases; Fed. R. Civ. P. 81(a)(2).  Along with his response, Respondent **SHALL INCLUDE** a copy of Petitioner's Alien File and any and all other documentation relevant to the determination of the issues raised in the petition.  Rule 5 of the Rules Governing Section 2254 Cases.  *In the event the Petitioner is released from ICE custody during the pendency of this Petition, the parties SHALL notify the Court by filing a Motion to Dismiss the Petition or other proper pleading.*  Should the parties fail to notify the Court that Petitioner has been released, the parties may be subject to sanctions pursuant to the inherent power of the Court to issue sanctions in appropriate cases.  See Local Rule 110.

Accordingly, it is HEREBY ORDERED:

1. Respondent is ORDERED TO SHOW CAUSE why the Petition should not be granted. The Return to the Order to Show Cause is due **within 45 days** of the date of service of this order.  Petitioner may file a Traverse to the Return **within 10 days** of the date the Return to the Order to Show Cause is filed with the Court.
2. The Clerk of the Court is DIRECTED to SERVE a copy of the Petition for Writ of Habeas Corpus on the United States Attorney.

The Court has determined that this matter is suitable for decision without oral argument pursuant to Local Rule 230(h).  As such, the matter will be taken under submission following the filing of Petitioner's Traverse or the expiration of the time for filing the Traverse.  All other briefing in this action is suspended.

IT IS SO ORDERED.

Dated:   **April 30, 2015**                    **/s/ Jennifer L. Thurston**
                                               UNITED STATES MAGISTRATE JUDGE