**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DUC QUOC BUI,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>ERIC HOLDER,<br><br>　　　　Respondent. | ) Case No.: 1:15-cv-0-636-JLT<br>)<br>) FINDINGS AND RECOMMENDATIONS TO<br>) DENY PETITION FOR WRIT OF HABEAS<br>) CORPUS<br>)<br>) ORDER DIRECTING THAT OBJECTIONS BE<br>) FILED WITHIN TWENTY-ONE DAYS<br>)<br>) ORDER DIRECTING CLERK OF THE COURT TO<br>) ASSIGN DISTRICT JUDGE TO CASE<br>)<br>) |

Petitioner is a federal prisoner proceeding in propria persona with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

The instant petition was filed on April 20, 2015, alleging unlawful detainer of Petitioner, a Vietnamese citizen subject to a October 1, 2014 final order of removal, by the U.S. Immigration and Customs Enforcement ("ICE"). (Doc. 1, pp. 19-24). On April 30, 2015, the Court issued an Order to Show Cause why the petition should not be granted. (Doc. 7). On June 3, 2015, Respondent filed a response to the Order to Show Cause, alleging that Petitioner had received all required federal due process and that denial of the petition was therefore appropriate. (Doc. 9). Petitioner has not responded either to the Court's Order to Show Cause or to Respondent's response.

**DISCUSSION**

1

The government may not detain a legal permanent resident for a prolonged period without providing him a neutral forum in which to contest the necessity of his continued detention." <u>Casas–Castrillon v. DHS</u>, 535 F.3d 942, 949 (9th Cir. 2008). During these hearings, the government must prove by clear and convincing evidence that a noncitizen poses a flight risk or a danger to the community justifying ongoing detention. <u>Singh v. Holder</u>, 638 F.3d 1196, 1203 (9th Cir. 2011). The Ninth Circuit has clarified that a noncitizens' detention becomes prolonged after six months. <u>Diouf v. Napolitano</u>, 634 F.3d 1081, 1091 (9th Cir. 2011). "When detention crosses the six-month threshold and release or removal is not imminent, the private interests at stake are profound. Furthermore, the risk of an erroneous deprivation of liberty in the absence of a hearing before a neutral decision maker is substantial." <u>Id</u>. at 1091–92. The immigration judge may still find the detention justifiable, but a hearing provides the detainee with a necessary constitutional safeguard. <u>Id</u>. at 1084, 1092. The holding in <u>Diouf</u> applied to detentions pursuant to 8 U.S.C. Section 1231(a)(6), but the Ninth Circuit later extended the holding to detainees subject to prolonged detention pursuant to Section 1226. <u>Rodriguez v. Robbins</u>, 715 F.3d 1127 (9th Cir. 2013). Respondent has presented evidence establishing that Petitioner received a bond hearing pursuant to <u>Rodriguez</u> on May 5, 2015.

The government contends that Petitioner is being held pursuant to Section 1226(a) and that he has already received a bond hearing at which the government met its burden in justifying his detention. The record establishes that Petitioner is charged with removability based on his conviction as an aggravated felon, i.e., his 1998 state conviction for attempted premeditated murder and subsequent twenty-year prison sentence. (Doc. 1, p. 18).

Under Section 1226(c)(1)(B), the Attorney General "shall take into custody any alien ... who is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D)." 18 U.S.C. § 1226 (emphasis added). However, under <u>Rodriguez</u>, once a noncitizen's detainment under Section 1226(c) becomes prolonged—meaning that the detention has lasted for six months—the individual is entitled to a bond hearing. 715 F.3d at 1138. In other words, the mandatory detention of Section 1226(c) is subject to a six-month limitation, after which the Attorney General's detention authority shifts to Section 1226(a)–which entitles detainees to an individualized bond hearing. <u>Id</u>. at 1138. Thus, while Petitioner may have initially been held under

Section 1226(c), having been detained now for over six months, the authority to detain him now depends upon Section 1226(a).

B. Indefinite Detention

1. Reasonably Foreseeable Removability

In Prieto–Romero v. Clark, 534 F.3d 1053 (9th Cir. 2008), the Ninth Circuit concluded that even after a petitioner receives a bond hearing, Section 1226(a) does not authorize indefinite detention; rather, "the Attorney General's detention authority under § 1226(a) [is] limited to the period reasonably necessary to bring about an alien's removal from the United States." Id. at 1063. The court nonetheless held that although the petitioner's three-year long detention qualified as prolonged, it did not qualify as indefinite. Id. at 1062. The court distinguished Zadvydas v. Davis, 533 U.S. 679 (2001), in which the Supreme Court concluded that a noncitizen detainee was entitled to release if he demonstrated "no significant likelihood of removal in the reasonably foreseeable future." Prieto–Romero, 534 F.3d at 1062 (internal citations and quotation marks omitted). The court emphasized that the Zadvydas petitioners could not be removed because, although they had exhausted all judicial and administrative appeals processes and had been ordered removable, their designated countries either refused to accept them or lacked a repatriation treaty with the United States, effectively placing them in a "removable-but-unremovable limbo." Id. at 1062 (internal citations and quotation marks omitted).

In Prieto–Romero, by contrast, the government could successfully deport the petitioner to Mexico in the event of unsuccessful judicial review; thus, the petitioner faced a "significant likelihood of removal in the reasonably foreseeable future." Id at 1062. The court concluded that, despite the judicial review process causing delays in removal, and notwithstanding the absence of a definite end date in his detention, these factors alone did not make his detention indefinite. Id. at 1063.

Here, as in Prieto-Romero, following Petitioner's bond hearing, he has been detained for only a matter of weeks, not months or years, which does not qualify as "indefinite." Moreover, unlike the Zadvydas petitioners, there is no evidence that Petitioner is unremovable because his home country of Vietnam will not accept him or that no repatriation treaty exists between the two countries; rather, the U.S. government is ultimately capable of deporting him to Vietnam at such time as the proper

documents have been received.[1] The U.S. government has demonstrated its interest in doing so by maintaining custody of Petitioner, by providing a bond hearing, and by seeking to comply with the diplomatic norms required to secure his removal to his home country. In sum, there is no reason to believe that Petitioner will not ultimately be removed as soon as the necessary documents and clearances are obtained. Thus, while his continued detention is ongoing, it is not indefinite; instead, his removal is reasonably foreseeable.

Petitioner's detention is therefore consistent with Zadvydas, Prieto–Romero, and Section 1226(a). See also Almousa v. Gonzalez, 2008 WL 4657809 (E.D.Cal. Oct. 21, 2008) (finding petitioner's three-year long detention prolonged but nonetheless authorized under Section 1226(a) because his removal was reasonably foreseeable); Carmona v. Aitken, 2015 WL 1737839 (N.D. Cal. April 20, 2015)(detention for a year following initial bond hearing authorized because removal to Mexico was reasonably foreseeable).

2. Exhaustion

Respondent also argues that Petitioner has failed to exhaust his administrative remedies by appealing the denial of bond at the May 5, 2015 hearing. Respondent notes that Petitioner, while reserving his right to appeal the bond denial, has not filed an appeal or exhausted his administrative remedies. (Doc. 8, p. 3). Petitioner's failure to appeal the immigration judge's bond determination to the BIA before requesting habeas review poses a further obstacle to his request for relief, as does his apparent failure to request a bond redetermination pursuant to 8 C.F.R. § 1003.19.

The INA contains an administrative exhaustion requirement which applies to petitioners on direct review and to habeas petitioners. Puga v. Chertoff, 488 F.3d 812, 815 (9th Cir. 2007); see also 8 U.S.C. § 1252(d)(1). In addition to statutorily mandated exhaustion requirements, courts may also prudentially require habeas petitioners to exhaust administrative remedies. Id.

Courts may require prudential exhaustion if (1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is

---

[1] Indeed, the petition contains a letter, dated February 4, 2015, from the Vietnamese Consulate, clearly indicating that Petitioner's removal would be handled pursuant to a 2008 agreement between the two countries. (Doc. 1, p. 13).

4

likely to allow the agency to correct its own mistakes and to preclude the need for judicial review. Id. (internal citations and quotation marks omitted). Courts also have discretion to waive exhaustion requirements when administrative remedies are inadequate or ineffective, the administrative process would be void, or the pursuit of administrative remedies would be futile or result in irreparable injury. Laing v. Ashcroft, 370 F.3d 994, 999 (9th Cir. 2004) (internal citations and quotation marks omitted). However, in Leonardo v. Crawford, 646 F.3d 1157, 1160 (9th Cir. 2011), the Ninth Circuit found it inappropriate for a petitioner to pursue habeas review of an immigration judge's adverse bond determination before appealing to the BIA. The court labeled this an "improper shortcut," and held that the petitioner "should have exhausted administrative remedies by appealing to the BIA before asking the federal district court to review the IJ's decision." Id.

The Puga factors suggest that the Court should require exhaustion here. First, DHS regulations clarify that, after an initial bond hearing, a detainee's request for a subsequent bond hearing "shall be made in writing and shall be considered only upon a showing that the alien's circumstances have changed materially since the prior bond redetermination." See 8 C.F.R. § 1003.19(e) (emphasis added). This regulation demonstrates a clearly-established administrative scheme designed to address custodial determinations, a practice that includes an appeals process. Resendiz v. Holder, 2012 WL 5451162, * at 4 (N.D.Cal. Nov. 7, 2012); see also Puga, 488 F.3d at 815. Second, instead of filing a timely appeal from the denial of bond, Petitioner has, instead, pursued this habeas petition. "To allow petitioners to circumvent the appeals procedure and petition the district court for the same relief that could have been sought before the BIA would encourage the deliberate bypass of the administrative scheme." Resendiz, 2012 WL 5451162, at *4. Petitioner had the opportunity to first appeal the immigration judge's decision before asking this Court to order the government to provide him with another hearing. Lastly, even assuming the immigration judge erred in denying bond at the May 5 hearing, an issue that is not before this Court, the BIA should have the first opportunity to correct any mistakes, a conclusion which promotes administrative autonomy and judicial efficiency. Id.; see also Puga, 488 F.3d at 815.

Additionally, Petitioner fails to establish any valid exception to the exhaustion requirement. Petitioner has not requested that he be excepted from the exhaustion requirement nor has he provided

5

any legal basis for applying such an exception. Thus, the Court concludes that Petitioner's request for relief is substantively and procedurally barred. Petitioner has neither been detained indefinitely within the meaning of Prieto–Romero and Section 1226(a), nor has he properly exhausted the administrative remedies available to him.

**ORDER**

The Clerk of the Court is DIRECTED to assign a United States District Judge to this case.

**FINDINGS AND RECOMMENDATIONS**

For the foregoing reasons, the Court RECOMMENDS that the petition for writ of habeas corpus (Doc. 1), be DENIED.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California. **Within 21 days** after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and **filed within 10 days** (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated: **June 24, 2015**              **/s/ Jennifer L. Thurston**
                                      UNITED STATES MAGISTRATE JUDGE

6